E-FILED
Monday, 25 October, 2021  11:55:05 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-10122** |
| | ) | |
| **ISRAEL ISBELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Israel Isbell's Motion for Reconsideration of his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 117). Defendant's counsel later filed a Supplemental Memorandum and additional medical records, (ECF Nos. 118, 121).  Defendant also filed a letter that included information about his medication and records about the classes he has completed. (ECF No. 119). For the reasons stated below, his Motion is DENIED.

### BACKGROUND & PROCEDURAL HISTORY

On December 16, 2009, Defendant was charged in a superseding indictment with the offense of receipt of child pornography, in violation of 18 U.S.C. § §2252A(a)(2)(A) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(1). (ECF No. 19). On March 5, 2010, Defendant pled guilty to count one. (d/e 3/5/2010). On June 25, 2010, Defendant appeared before the Court for his sentencing hearing and this Court sentenced him to 180 months of imprisonment and a lifetime term of supervised release. (d/e 6/25/2010). The Court entered the Judgment on July 2, 2010. (ECF No. 43). Defendant filed his first pro se Motion for Compassionate Release on May 22, 2020, and defense counsel filed an

Amended Motion on June 16, 2020. (ECF No. 85; ECF No. 89). This Court denied compassionate release because Defendant failed to establish extraordinary and compelling reasons for release. (d/e 7/13/2020). Defendant appealed, and the Seventh Circuit affirmed this Court's ruling. *United States v. Isbell*, 848 F. App'x. 669 (Mem) (7th Cir. 2021).

On July 9, 2021, Defendant filed his second pro se Motion for Compassionate Release. (ECF No. 107). The Court appointed the Federal Public Defender to represent him. (d/e 7/9/2021). On July 16, 2021, defense counsel filed a Notice of Intent Not to File an Amended Motion for Compassionate Release, stating that due to the procedural posture of this case and the thoroughness of Defendant's pro se Motion, it was unnecessary to file an amended motion. (ECF No. 109, p. 2). On July 28, 2021, the Government filed a Response in opposition to compassionate release. (ECF No. 111). Defense counsel filed a Reply on August 13, 2021. (ECF No. 113). The Court again denied his motion, citing Defendant's relatively low risk of contracting a severe case of COVID-19, and due to Defendant's criminal history, his conduct while incarcerated, and the nature of the underlying offense. Defendant now asserts that his prehypertension diagnosis that he cited in prior motions is now a hypertension diagnosis, so he argues he is at additional risk for a severe COVID-19 infection. (ECF No. 117). Defendant also claims that the Court overstated the seriousness of his infractions while incarcerated and restates his rejected argument about why the Court does not have jurisdiction. *Id*. Accordingly, Defendant argues that the Court should reconsider its prior decision.

## LEGAL STANDARD

"No federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). The Seventh Circuit has recognized that despite their omission from

the Federal Rules of Criminal Procedure, "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).

A motion to reconsider serves a limited function, which is to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

A manifest error of law or fact "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Reaves v. Kallis*, No. 09-CR-187, 2019 WL 2648766, at *1 (C.D. Ill. June 27, 2019) (quoting *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" *Caisse Nationale de Credit*, 90 F.3d at 1269-70 (quoting *Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963)).

**DISCUSSION**

Defendant seeks reconsideration primarily on the basis that his pre-hypertension has developed into hypertension, which he argues increases his risk for COVID-19. As the Court already explained, Defendant has both contracted COVID-19 and is also fully vaccinated. According to the CDC, cases of reinfection have been reported but are rare. *See Reinfection with COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION,

https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited 10/19/2021). The CDC has further confirmed that even with the delta variant, vaccines reduce the risk of contracting the virus and that vaccines continue to be "highly effective at preventing hospitalization and death." *Id*. As explained in the Court's initial order, other district courts have held that the virus does not present an extraordinary and compelling reason for compassionate release for a vaccinated inmate. See, e.g., *United States v. Wills*, 2021 WL 2179256, at *3-4 (D. Or. May 27, 2021) (collecting cases); *United States v. McBriarty*, 2021 WL 1648479, at *6 (D. Conn. Apr. 27, 2021) ("Given current understanding, the Pfizer vaccine is so effective at preventing serious illness from COVID-19 that the threat of [Defendant]'s becoming seriously ill is miniscule – and certainly not extraordinary and compelling"). The Seventh Circuit has further confirmed that prisoners who are unable to receive or benefit from a COVID-19 vaccine may turn to Section 3582(c)(1)(A) for relief but "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). While Plaintiff complains about certain medical conditions increasing his risk for a serious COVID-19 infection, he does not argue that he would not be able to benefit from the vaccine that he has received. Accordingly, his concerns about his health risks related to COVID-19 are not na extraordinary and compelling reason for immediate release.

Defendant further argues that the Court did not adequately consider his steps towards rehabilitation and overstated the seriousness of his minor infractions while incarcerated. This Court commends Defendant for his steps towards rehabilitation, but rehabilitation alone does not constitute an extraordinary and compelling reason for a sentence reduction. Congress directed the Sentencing Commission to adopt policy statements regarding "the appropriate use of . . . the

sentence modification provisions set forth in section[] . . . 3582(c) of title 18." 28 U.S.C. §

994(a)(2)(C). Providing further guidance, § 994(t) states:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

This Court finds that none of Defendant's proffered reasons regarding his good conduct are "extraordinary and compelling" under § 3582(c)(1)(A)(i).

Defendant further complains that the Court cited July 2, 2010 as the date of sentencing, which was the date that judgment was entered in his case. He argues that the Court should have cited June 26, 2010, which is when the sentenced was pronounced. He suggests that the date of his sentence may affect the Court's jurisdiction. His argument that this discrepancy might affect the Court's jurisdiction is without merit. To the extent Defendant rehashes rejected arguments or makes arguments that could have been brought in the previous motion, a motion to reconsider is not the appropriate forum for such arguments.

CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration [117] is DENIED.

ENTERED this 25th day of October, 2021.

/s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge