UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cr-10122 |
| ) | |
| ISRAEL C. ISBELL, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION**

On September 11, 2025, *pro se* Defendant Israel C. Isbell filed a Motion to Vacate Marijuana-Related Violation and Correct Record Based on Presidential Pardon. D. 235. The Government filed a Response in Opposition. D. 244. For the reasons below, the Court DENIES Defendant's [235] Motion.

I.   BACKGROUND

Defendant was convicted of receipt of child pornography and sentenced to 180 months' imprisonment, followed by a lifetime term of supervised release. D. 43. Defendant began his supervised release in August 2022. From June 2023 through April 2024, the probation office filed three petitions to revoke Defendant's supervision. These three petitions, collectively, presented the following grounds for revocation: (1) Defendant's unsuccessful discharges from sex-offender treatment; (2) Defendant's possession and use of marijuana; and (3) Defendant's use of an internet-capable device without the court-ordered filtering software. *See* D. 141; *Min. Entry* on 02/01/2024; D. 269; D. 173; D. 174; *Min. Entry* on 04/09/2024. This misconduct violated the mandatory conditions of Defendant's supervised release.

As a result of these violations, the Court revoked Defendant's supervised release in May 2024. *See Min. Entries* on 04/09/2024 and 05/02/2024. Defendant's possession of marijuana was treated as a Grade B violation because the conduct constituted a felony under federal law. When considered with Defendant's criminal history category of VI, Defendant faced a sentencing range of twenty-one to twenty-four months. The remaining violations were Grade C violations which, absent the Grade B violation, would have resulted in a sentence ranging from eight to fourteen months. The Court sentenced Defendant to eighteen months of incarceration to be followed by an eight-year term of supervised release.

Defendant appealed. D. 187. In doing so, Defendant relied heavily on the presidential pardon issued on December 22, 2023. Relevant to Defendant, the proclamation pardoned all United States citizens who had previously committed the offense of simple possession of marijuana. Defendant argued that, considering this pardon, his marijuana-based violations no longer qualified as Grade B violations. The Government disputed that the pardon precluded marijuana-based violations from Grade B classification as a matter of law. Still, regardless of its legal ability to do so, the Department of Justice ("DOJ") adopted a policy that it would not pursue Grade B violations where the underlying conduct included offenses excused under the presidential pardon. In light of the DOJ's policy, the Government requested the Seventh Circuit remand the case to this Court, which it granted. *See United States v. Isbell*, No. 24-1837, 2024 WL 4129523 (7th Cir. Sept. 5, 2024).

Upon remand, this Court resentenced Defendant on November 5, 2024. At the resentencing, the Government reclassified Defendant's marijuana possession as Grade C violations. After the Government explained the reclassification, Defendant's counsel raised certain arguments none of which challenged the reclassification. The Court then resentenced the

2

Defendant to sixteen months' imprisonment to be followed by eight years of supervised release. Defendant appealed this sentence on various grounds but did not raise the reclassification issue. D. 221. The Seventh Circuit denied the appeal and affirmed this Court's sentence. *See United States v. Isbell*, 148 F.4th 557 (7th Cir. 2025).

## II.     DISCUSSION

Confusingly, Defendant does not ask the Court to reduce his sentence. D. 235 at 1. His Motion, instead, asks the Court to (1) vacate its finding that the marijuana possession amounted to a violation his supervised release and (2) correct the record accordingly. *Id*. at 3. As the Government notes, there is no legal mechanism that enables the Court to grant such relief.[1] Even if so, the requested relief would not be warranted. The conditions of Defendant's supervised release explicitly prohibited him from possessing or using any controlled substance except as prescribed by a physician. D. 141. Thus, regardless of its status as a criminal offense, Defendant's marijuana possession was properly classified as a Grade C violation and a basis for revocation. *See* U.S.S.G. § 7B1.1(a)(3) (defining a Grade C violation, in part, as "a violation of any other condition of supervision.").

The Defendant is not able to argue the contrary. Defendant did not challenge the reclassification at the resentencing hearing nor in his appeal of that resentencing. "Sentencing arguments are often a 'use-it-or-lose-it affair' " and Defendant's prior failures to object, despite his advanced notice of the reclassification issue, bars him from doing so here. *United States v. Hernandez*, 44 F.4th 1053 (7th Cir. 2022); *see also United States v. Coffin*, 23 F.4th 778, 780–81

---

[1] Defendant cites to the Court authority under Federal Rule of Criminal Procedure 36 and 18 U.S.C. § 3583(e)(2) but neither of those help Defendant. D. 235 at 3. Rule 36 allows a court to "correct a clerical error in judgment, order, or other part of the record" Fed. R. Crim. P. 36. Defendant is not asking the Court to remedy a clerical error but rather to erase a legal finding from the record entirely. 18 U.S.C. § 3583(e)(2) permits a Court to modify conditions of release or revocation. However, Defendant explicitly states he is not seeking modification of the Court's sentence. D. 235 at 1. Thus, 18 U.S.C. § 3583(e)(2) is also inapplicable.

(7th Cir. 2022) ("[a] criminal defendant waives the right to contest the judge's factual findings at sentencing when he expressly states on the record that he has no objection to the findings.") (internal quotations omitted). In sum, the Defendant cannot present these objections at this stage and, even if he could, they are unsupported by fact or law.

### III.    CONCLUSION

For these reasons, Defendant's [235] Motion to Vacate is DENIED with prejudice.

ENTERED this 30th day of September 2025.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
