**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cr-10122 |
| | ) | |
| ISRAEL C. ISBELL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION**

Now before the Court are Defendant Israel C. Isbell's six motions: D. 192, D. 238, D. 248,

D. 252, D. 253, and D. 255. At the core of these series of filings is Defendant's attempt to modify

the conditions of his supervised release. For the reasons below, the Court:

1. GRANTS the Motion for Leave to Supplement Defendant's Reply, D. 248;

2. DENIES the Motion for Judicial Notice and Order to Correct the Record (ECF 238 and

   246), D. 252;

3. DENIES as MOOT Motion for Clarification Regarding Statement in Motion for Judicial

   Notice, D. 253;

4. DENIES the Motion to Strike Government's Response, D. 255;

5. DENIES Defendant's second Motion to Modify Conditions of Supervised Release, D. 192;

   and

6. DENIES Defendant's third Motion to Modify the Conditions of Supervised Release, D.

   238.

## I.    BACKGROUND

Defendant was convicted of receipt of child pornography and sentenced to 180 months' imprisonment, followed by a lifetime term of supervised release. D. 43. At his sentencing hearing, Defendant was informed of the various conditions of his supervised release. Most relevant here, the Court told Defendant:

> You shall not receive or transmit any sexually arousing material, including but not limited to child pornography, via the Internet, nor visit any site including but not limited to chat rooms or bulletin boards containing any sexually arousing material including child pornography, but not limited to that. You shall install filtering software on any computer you possess or will use which will monitor and block access to sexually oriented websites. You shall allow the probation office unannounced access to any computer you possess or use to verify that the filtering software is functioning. You shall pay for the cost of the filtering software as directed by probation.

D. 50 at 83:12–84:1.

Defendant did not object to this special condition of supervised release at the hearing nor in the various filings Defendant submitted after his sentencing. *See* D. 40; CDIL Case No. 11-cv-1230; D. 79.

Even before Defendant's term of supervised release began, and the conditions went into effect, he began to test their limits. *See* D. 234 at 2. For example, while he was still on home detention, Defendant used internet capable devices to access sexually arousing material. *Id*. Defendant continued to push the envelope when, in anticipation of his supervised release, he requested permission to purchase a smart television even though such device could not be monitored by the required filtering software. *Id*. Unsurprisingly, this behavior continued when Defendant began his supervised release in August 2022.

On October 3, 2022, he filed a motion requesting a hearing to address the conditions of his release. D. 129. Defendant alleged that U.S. Probation Office ("USPO") was imposing conditions beyond what the Court stated at his sentencing hearing by banning him from using all internet

devices. *Id.* Ultimately, the USPO modified the conditions but, even under these new conditions, Defendant still was limited to possessing and using Internet-capable devices that were equipped with the USPO's monitoring software. D. 135. To verify his compliance, Defendant was further ordered to allow the USPO unannounced access to his Internet-capable devices. *Id.*

On May 2, 2024, the Court revoked Defendant's supervised release, and Defendant appealed. *See Min. Entry* from 05/02/2024; D. 187. Shortly after filing his Notice of Appeal, Defendant filed his second motion to modify conditions of supervised release. D. 192. Though the Motion was fully briefed, the Court stayed the Motion pending the outcome of Defendant's appeal. *See Text Order* on 06/18/2024. On August 28, 2025, the Seventh Circuit affirmed this Court's judgment. D. 234.

On September 8, 2025, Defendant filed his third motion to modify conditions of supervised release. D. 238. In this most recent motion, Defendant requests the Court modify the USPO's monitoring software so that it is tailored to only monitor for sexually explicit websites. *Id.* at 2. The Government filed a Response in Opposition, D. 246, and Defendant filed a Reply, D. 247. Subsequently, Defendant filed the following four motions related to his third motion for modification: (1) Motion for Leave to Supplement his Reply, D. 248; (2) Motion for Judicial Notice and Order to Correct the Record (ECF 238 and 246), D. 252; (4) Motion for Clarification Regarding Statement in Motion for Judicial Notice 252, D. 253; and Motion to Strike the Government's Response to his Motion to Modify. D. 255.

## II.    DISCUSSION

Defendant's four most recent motions (D. 248; D. 252; D. 253; and D. 255) and their resolution impact the information and statements the Court may consider when evaluating his two Motions to Modify Conditions (D. 192; D. 238). Thus, the Court will begin its discussion with Defendant's various Motions to Supplement, Clarify, Strike, and for Judicial Notice.

A.  <u>Motion for Leave to Supplement his Motion to Modify Conditions</u>

The Court will first address Defendant's Motion for Leave to Supplement his Motion to Modify Conditions. D. 238. In this Motion, Defendant seeks to attach an official publication of the Kentucky Department of Corrections, titled "The Tool Kit" as an Exhibit. D. 248. Upon review of the Motion, the Court GRANTS Defendant's [248] Motion to Supplement.

B.  <u>Motion for Clarification Regarding Statement in Motion for Judicial Notice 252</u>

The Court next turns to Defendant's Motion for Judicial Notice and Order to Correct the Record (ECF 238 and 246) and his Motion for Clarification Regarding Statement in Motion for Judicial Notice 252. D. 252; D. 253. In the latter, Defendant seeks to correct a mistake he made in the Motion for Judicial Notice. D. 253. In his Motion for Judicial Notice, Defendant incorrectly implied that the Court had entered an order on his [238] third motion to modify conditions of supervised release. D. 252. Defendant's Motion for Clarification asks the Court to "take notice of his clarification and accept it as part of the record in connection with his Motion for Judicial Notice." D. 253 at 2. The Court is well aware that, until this Order, it has not resolved Defendant's [238] third motion to modify conditions of supervised release. Thus, Defendant's Motion for Clarification Regarding Statement in Motion for Judicial Notice is DENIED as MOOT.

C.  <u>Motion for Judicial Notice and Order to Correct the Record (ECF 238 and 246)</u>

However, even with that clarification, Defendant's Motion for Judicial Notice is unpersuasive. Defendant seeks to address what he classifies as "three factual inaccuracies" in the Government's Response to his third motion to modify conditions of supervised release. D. 252 at 3. Based on these factual inaccuracies, Defendant requests a variety of relief including striking the alleged false statements. Upon a closer examination, these proposed inaccuracies amount only to Defendant's personal disagreement with the Government's categorization of his arguments. The Court does not find that the alleged statements were false or otherwise misleading. Thus,

Defendant's Motion for Judicial Notice and Order to Correct the Record (ECF 238 and 246) is

DENIED.

### D. Motion to Strike Government's Response

Defendant has also filed a Motion to Strike the Government's Response. In this Motion,

Defendant asks the Court to strike the Government's Response given the alleged factual

misrepresentations. However, as discussed above, Defendant asked the Court to strike the

Response for identical reasons in his Motion for Judicial Notice. *See* D. 252. Thus, the Court

DENIES Defendant's Motion to Strike the Government's Response as a duplicative filing.

### E. Motions to Modify Conditions

With these housekeeping matters now addressed, the Court will turn to Defendant's

pending Motions to Modify Conditions.

#### 1. Legal Standard

The court that sentenced a defendant retains the authority to modify that defendant's

conditions of supervised release at any time after his sentencing hearing and prior to the conclusion

of his supervised release. *U.S. v. Johnson*, 765 F.3d 702, 711 (7th Cir. 2014); *see also* 18 U.S.C. §

3583(e)(2) (empowering a court to "modify, reduce, or enlarge the conditions of supervised

release, at any time prior to the expiration or termination of supervised release[.]"). When

determining whether modification is warranted, courts consider many of the same factors that

guided its initial sentencing decision. *See* 18 U.S.C. § 3583(e)(2) (citing 18 U.S.C. § 3553). These

considerations include the nature and circumstances of the crime and the defendant's history and

characteristics. 18 U.S.C. § 3553(a)(1). Further, courts consider whether the proposed modification

would serve as appropriate deterrence, protect the public from future crimes of the defendant, and

provide defendant with the necessary training and other correctional treatment. *Id.* at §
3553(a)(2)(B)–(D).

   2.   *Defendant's Second Motion to Modify Conditions of Supervised Release*

   Defendant's second motion to modify conditions of supervised release requests six changes
to his supervised release conditions. (D. 192). First, Defendant requests the Court eliminate the
condition that he participate in a drug treatment program because he has previously completed
drug treatment. *Id.* Second, Defendants seeks to eliminate the requirement that he participate in a
sex offender treatment program on the condition that "a qualified doctor" concludes that he is at
"a low risk for re-offending." *Id.* at 3. Defendant further aims to have all the terms of such sex
offender treatment to "be in writing and signed" by Defendant. *Id*. Despite his signature, Defendant
also asks to reserve the right to not comply with these written terms and instead invoke judicial
review of these terms. *Id*. Next, Defendant wants to contact minors without having to first obtain
the USPO's approval. Defendant also wishes to modify the condition that he only use Internet-
capable devices with USPO's monitoring software to exempt smart television devices. Finally,
Defendant asks the Court to eliminate the requirement that he participate in psychiatric services
and to further prohibit communication between his psychiatrist and USPO.

   As stated above, the Court stayed Defendant's second motion to modify conditions pending
Defendant's appeal of the Court's revocation of his supervised release. In that appeal, Defendant
challenged the following three provisions of his supervised release: (1) the condition he install
filtering software on his computers was unconstitutionally vague because it is unclear as to what
constitutes a computer; (2) the medical marijuana exception to the general condition that
Defendant cannot use controlled substances; and (3) the requirement he participate in substance
abuse treatment because he had recently completed treatment. D. 234.

There is some overlap between the challenges here and those addressed on appeal. For example, the Seventh Circuit found that the condition requiring Defendant engage in substance abuse treatment did not warrant modification even though Defendant has already completed such programming. In reaching this conclusion, the Seventh Circuit agreed with this Court's reasoning "that [Defendant's] history with marijuana, methamphetamine, and cocaine" justifies the condition. D. 234 at 11. Thus, Defendant's identical request for modification of this condition now is DENIED.

Similarly, the Seventh Circuit addressed the condition that Defendant must install filtering software on any computer he possesses or otherwise uses. In doing so, it noted that "[t]he broad purpose of monitoring [Defendant's] internet usage and the content he accesses applies to smart televisions[.]" D. 234 at 7. Defendant's attempt to reassert this challenge on the grounds that these televisions do not have a web browser is unpersuasive. This condition aims to prevent Defendant from accessing sexually stimulating material. Whatever formal applications a smart television may or may not have does not change the conclusion that it is an internet-capable device which provides access to the prohibited material. For these reasons, modification on this ground is DENIED.

The remaining modifications seek to eliminate certain conditions entirely and none are warranted under § 3553. Both this Court and the Seventh Circuit recognize that, even prior to starting his supervision, Defendant has been searching for loopholes to the conditions of his supervised release. Defendant's treatment provider even noted that he "was more concerned with fighting his supervised release conditions than receiving proper treatment." D. 234 at 3. The present motions represent additional efforts in Defendant's relentless battle against the conditions of his supervised release. The Court is not inclined to reward such efforts with modification, particularly where the § 3553 sentencing factors compel the opposite result.

Nowhere in Defendant's motion does he argue, let alone mention, the § 3553 factors. Certainly, it would be difficult to. For example, the Court cannot find that allowing a convicted sex offender access to minors without government oversight furthers public safety. *See* 18 U.S.C. § 3553(a)(2)(C). Similarly, prohibiting Defendant's psychiatrist from contacting the USPO where Defendant indicates he is a danger to himself, or others, would be inconsistent with the goal of "protect[ing] the public from further crimes of the defendant[.]" *See id*. Not only was Defendant convicted of receipt of child pornography but, as this Court highlighted at sentencing, the material involved was "as bad as it gets." D. 234 at 2. The serious nature of Defendant's offense and his adamant refusal to accept and comply with the terms of his supervised release do not support a complete elimination of sex offender treatment or psychiatric services. This conclusion is further warranted given that such treatment services are in line with the goal of providing Defendant with the necessary correctional treatment for proper rehabilitation. 18 U.S.C. § 3553(a)(2)(D).

Thus, the Court will not modify Defendant's supervised release conditions as requested. Defendant's [192] second motion to modify conditions of supervised release is DENIED.

3. *Defendant's Third Motion to Modify Conditions of Supervised Release*

In his most recent motion to modify, Defendant challenges the scope of the USPO's monitoring software. Specifically, he contends that the current software grants the USPO access to protected information such as his medical records, his communications with his attorney, and his banking information. Defendant argues that this access extends far beyond the condition's original purpose: to monitor access to sexually explicit websites. As relief, he asks the Court to narrow the scope of the monitoring to this purpose by requiring the USPO to adopt a more limited monitoring program.

The Government opposes modification. Among its arguments, the Government contends that Defendant's argument is barred under the principles of waiver and law of case doctrine. The Court is not convinced. The Seventh Circuit has made it clear that the text of § 3583(e)(2) allows for a Defendant to challenge the lawfulness of the supervised release conditions even "long after the conditions were imposed." *United States v. Neal*, 810 F.3d 512, 517 (7th Cir. 2016). In doing so, it emphasized that § 3583(e)(2) allows modification "at *any time*" if based on "a substantive challenge to the current legality of the conditions of supervised release." *Id*. at 517–19. The Seventh Circuit has interpreted this language broadly enough to allow "a defendant's delayed contention that a condition of supervised release was imposed erroneously in the first place." *Id*. For these reasons, the Court is not persuaded that Defendant's failure to raise issue with the scope of the electronic monitoring earlier is fatal to the challenge itself.

The Government's other arguments, however, are compelling. First, it notes that Defendant's argument relies on the assumption that the USPO will improperly utilize the monitoring software to access his private information. But, as the Government highlights, Seventh Circuit precedent imposes the opposite assumption. *See United States v. Kappes*, 782 F.3d 828, 857-58 (7th Cir. 2015). The Court "must fairly presume [the defendant]'s probation officer will apply the conditions in a reasonable manner." *Id*. (quoting *United States v. Smith*, 606 F.3d 1270, 1283 (10th Cir. 2010)) (internal quotations omitted). This presumption remains intact absent an allegation that "a particular probation officer exercise[d] his or her discretion in an unreasonable manner[.]" *Id*.

Defendant has not made that allegation here. He only goes as far as to say that this information becomes available to the officer monitoring him, not that any specific probation officer has seized upon that opportunity to view his sensitive information. Absent this allegation,

the Court cannot find Defendant presents an adequate basis for modification. *See Kappes*, 782 at 857 (allowing a probation officer unannounced access to defendant's computer under the assumption they would not exercise such access in an unreasonable manner). The absence of such allegation is particularly glaring given the nature of the requested modification. As the Government explains, the USPO's monitoring software was previously vetted extensively prior to its widespread use. Though Defendant certifies that his proposed alternative monitoring systems are legitimate, to order their substitution here would force the Government to re-engage in this timely and costly review. The Court will not impose such a burden based on a general allegation that the current condition merely creates an opportunity for abuse.

Further, in this third motion for modification, Defendant again fails to address the relevant § 3353 factors. When reviewing these factors, the Court cannot find they warrant modification of the monitoring software. First the Seventh Circuit has recognized the strong deterrent effect of such monitoring programs. *See Kappes*, 782 F.3d at 856 ("The deterrent effect of filtering software – and unannounced checks to determine the software remains functional – is apparent."). Additionally, Defendant's history stresses the need for reliable electronic monitoring. As discussed, Defendants has a history of "testing the bounds of" this condition, even before he began supervised release. D. 234 at 2. This behavior included Defendant using internet-capable devices for sexual stimulation, attempting to narrow the scope of the monitoring of such devices, seeking permission to obtain an unmonitored internet-capable device (smart television), and using devices that do not contain the required monitoring software. Defendants' present request to change the monitoring system presents merely another attempt to test the bounds of this monitoring. Like these other efforts, it is unsuccessful.

For these reasons, Defendant's second Motion for Modification is DENIED.

### III.    CONCLUSION

For these reasons, Defendant's [192] Motion to Modify Conditions is DENIED, [238] Motion to Modify Conditions is DENIED, [248] Motion for Leave to Supplement is GRANTED, [252] Motion for Judicial Notice and Order to Correct the Record (ECF 238 and 246) is DENIED, [253] Motion for Clarification Regarding Statement in Motion for Judicial Notice is DENIED as MOOT, and [255] Motion to Strike Government's Response is DENIED.

ENTERED this 18th day of November 2025.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge